KEEP MANUFACTURING COMPANY v. W. S. MOORE.

CARRIER. *Charges. Lien. Replevin.* An officer levied an execution upon goods which had been stopped *in transitu.* He paid the carrier the charges on the goods. Consignors brought an action of replevin. To defeat the action, the court was requested to charge that if the constable paid freight on the goods levied on, that plaintiff could not replevy the goods until he had paid said charges to the officer. This was refused by the court, and correctly. There was no demand for charges, nor the fact disclosed that there were any. He did not place his right to retain possession upon the ground of the carrier's lien.

FROM GIBSON.

Appeal in error from the Law Court at Humboldt. J. T. CARTHEL, J.

W. M. McCALL and RANKIN & RHODES for Manufacturing Company.

WARE & MARTIN for Moore.

COOKE, Sp. J., delivered the opinion of the court.

This was an action of replevin instituted to recover possession of certain goods which had been shipped by the plaintiff from the city of New York to Bryant, Newhouse & McNeal, at Milan, Tennessee. The consignees became insolvent while the goods were in transit, and notice was given by the consignor to the carrier, in the exercise of his right of stoppage *in transitu*, not to deliver the goods.

Upon the arrival of the goods at Milan, they not having come into the possession of the consignee, they were levied upon while in the railroad depot, by the defendant Moore, who was a constable, by virtue of an execution in his hands in favor of Speed & Co., against Bryant & Newhouse, and thereupon this suit was brought and the goods replevied out of his hands.

There was a verdict and judgment in favor of the plaintiff, and the defendant appealed to this court.

There was ample testimony to sustain the verdict, and the only question made here is upon the refusal of the court to charge certain specific requests of the defendant.

The charge of the court was full and correct upon the general principles of law applicable to the facts of the case, and no attempt has been made to criticise it.

The testimony, however, showed that when the defendant levied upon the goods, he was required by the carrier to pay $1.45 freight upon them before taking them from the depot. And the defendant requested the court to charge the jury " that if Moore, the constable, did pay the freight charges when he levied upon the goods, that the plaintiff would have to pay back or repay the amount to Moore, being $1.45, before he could replevy the goods." Which request was refused by the court.

There was also testimony showing that the goods had been ordered to be reshipped to the plaintiff, the consignor, and but for the seizure of them by the defendant, they would have been reshipped to the plaintiff at New York without payment of freight, which would

have been collected upon the delivery of the goods to the original consignor in New York.

Whether this fact, as well as that the execution in the hands of the defendant, by virtue of which he levied upon the goods, was against a different firm from that to which the goods were consigned, the one being Bryant & Newhouse and the other Bryant, Newhouse & McNeal, would constitute the defendant a mere volunteer, or makes his act in obtaining the possession of the goods wrongful to the extent that he would not be entitled to be repaid the freight which he thus advanced it is not necessary to determine, for the reason that whether this was so or not, the defendant at the time the goods were replevied from him, made no demand to be reimbursed the amount of freight paid by him; nor did he disclose the fact, so far as appears from this record, that he had paid any freight; nor the amount thereof, or that he held any such demand against the goods without which the plaintiff could not be charged with knowledge of such demand or required to pay it. Even the carrier who parts with the possession of goods without enforcing his demand for freight, loses his lien: *Terril* v. *Rogers*, 3 Hayw., 203. And certainly a party who seeks to be substituted to the carrier's right can occupy no better position. It is very clearly deducible from this entire record that the right claimed by the defendant to the possession of the goods was by virtue of his levy, and not by reason of his having advanced this small amount of freight upon them.

We have been referred to a case decided by the

Supreme Court of Kansas (19 Am. Law Reports, 84),
in support of the position assumed by the defendant.
The report of that case contained no bill of exceptions,
and we cannot see what the facts of the case were.
The findings of the court below were that the con-
stable levying upon the goods had paid the freight on
them, and that the party who replevied them had
neither paid nor tendered the freight thus paid by him;
and it was held that the constable was entitled to re-
tain possession of the goods until this was done.   There
may have been a state of facts in that case which
justified the decision, but certainly such a holding
could not be sustained upon the facts of this case.
And we would have to be better satisfied of the grounds
upon which the decision was based than appears in the
report of the case before we would be disposed to
follow it.

If the defendant had made known the fact that he
had paid the freight upon the goods and the amount
so paid, and placed his right to retain the possession
upon the grounds of his substitution to the carrier's
lien for the freight so paid, and the plaintiff had re-
fused to pay it, the case might be different.   But
certainly a defendant who had wrongfully levied upon
the goods, and who, when they were demanded, con-
cealed the fact that he had any charge upon them for
freight advanced, and neither made known the fact of
his having paid the same or the amount so paid, and
placed his right to the possession upon the levy of his
execution, and when this failed him to be then al-
lowed to interpose a claim to a lien for the small

amount of freights so advanced, and thus defeat the action would be trifling with justice.. Under the facts of this case there was no error in the court's refusal to give the instruction as requested.

There were two other requests for specific charges which were also refused by the court, but as neither of them are now insisted upon, it is unnecessary to notice them any further than to say there was no error in the court's refusal to give them in charge to the jury.

The action was commenced before a justice of the peace, and there being no officer present and the case being urgent, the justice deputized one Weatherford to execute the warrant, who did so and signed his return J. P. Weatherford, deputy constable, and it is now insisted that the case ought to be reversed because the justice did not insert the christian name of the person deputized in the order.

There was no effort any where to show that the person who executed the warrant was not the same person deputized for that purpose; nor was there any objection taken in any manner to this proceeding either before the justice or in the circuit court, but the objection is for the first time taken here. There is nothing in it.

Let the judgment of the circuit court be affirmed.